In the Matter of the Estate of JESSE HOMAN PARDEE, Deceased. MARY M. PARDEE, Appellant; THE MARINE TRUST COMPANY OF BUFFALO, Respondent.

Fourth Department, June 1, 1932.

*Killeen & Sweeney* [*George Gordon Battle, Henry W. Killeen* and *James C. Sweeney* of counsel], for the appellant.

*Kenefick, Cooke, Mitchell, Bass & Letchworth* [*Thomas R. Wheeler* of counsel], for the respondent.

THOMPSON, J. Appellant Pardee and M & T Trust Company are coexecutors of the will of decedent. The will has been admitted to probate, letters testamentary thereon have been issued, and the executors are engaged in the discharge of their duties. Executor M & T Trust Company instituted a discovery proceeding in Surrogate's Court (Surr. Ct. Act, § 205) against coexecutor Pardee as an individual. Upon return of the citation, Pardee interposed an answer denying the allegations of the petition, claiming title to the property described in it, and demanding a jury trial. The surrogate made an order directing the trial by jury of the controverted questions of fact at a trial term of the Supreme Court to be held within the county of Erie. (Surr. Ct. Act, § 68.) Thereafter the Marine Trust Company of Buffalo, a creditor of the estate, and respondent here, presented a petition to the Supreme Court and procured an order requiring Pardee to show cause why an order permitting it to intervene as a party in the discovery proceeding should not be granted, upon return of which the Special Term made an order granting the petition. From this order Pardee has appealed.

The order is unauthorized. Except as warranted by the terms of the order made by the surrogate directing the trial of the issues raised by the petition and answer to be had in Supreme Court, the Supreme Court does not have jurisdiction to make any order, judgment or other rule in the proceeding. Its sole office is to take the issue as framed by the order and conduct the trial of it in the usual manner, and to remit the verdict at the end of the trial to the Surrogate's Court for such action and application as the surrogate may be advised. It can only make such orders as are necessary and incidental to a proper trial and the rendition of a valid verdict under the terms of the order. The proceeding itself is not removed from the Surrogate's Court, but remains there for all purposes except the trial and matters incident thereto, and the certifying of the verdict back to the court where the proceeding was started. (*Matter of Murphy*, 79 App. Div. 541, 544; *Matter of Miller*, 141 id. 349, 350.) Moreover, it now appears that

the respondent intervenor was joined as a party, and was cited tnd appeared in the discovery proceeding in the Surrogate's Court in the first instance, and that no challenge or objection to its presence in the proceeding has thus far been made by any of the parties thereto.

For reasons appearing above we find it unnecessary to determine whether or not the intervenor respondent has brought itself within the provisions of section 193, subdivisions 1 and 3, of the Civil Practice Act, which prescribes the requisites essential to the granting of applications to join third persons in civil actions.

The order should be reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

All concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.