■ In the Matter of the Estate of FLORENCE M. DE LANO, Deceased. FREDERICK G. BASCOM et al., Appellants; LEROY DE LANO et al., Respondents.— COOKE, J. Appeal from orders of the Supreme Court at Trial Term, entered November 25, 1969 and December 12, 1969 in Essex County, which, respectively, granted the motion of contestants-respondents to set aside a jury verdict and for a new trial with the right of contestants-respondents to participate *de novo.* On December 28, 1959 decedent executed an instrument purporting to be her last will and testament wherein she bequeathed all her property to her sister, upon an express condition of survivorship. In the event the sister did not survive, it further was provided that specific legacies in trust be bequeathed to various charitable beneficiaries, namely a cemetery association, a school district, a church and a lodge. A residuary trust for the benefit of Ticonderoga High School graduates attending collegiate institutions, predicated upon scholarship and financial need, also was established. Finally, the sister and the First National Bank of Glens Falls were appointed executors. Following the death of her sister in 1963 and at various times thereafter, decedent purportedly executed four different codicils. In the first, an executor was named in place of her late sister. In the second, several specific cash legacies were established for friends and Helene M. Bascom was given her choice of residential contents. The third revoked the residuary clause of the original instrument containing a gift in trust for educational purposes and provided for a separate $4,000 legacy in trust for the same purpose, added to and increased the cash legacies created by the second codicil and established a new residuary clause in favor of Frederick G. Bascom and Helene M. Bascom. The fourth altered the amounts of the specific cash legacies set forth in the third. Following the death of testatrix, appellants petitioned the Surrogate's Court of Essex County for pro-

bate of the alleged will and codicils and respondents, who were distributees, filed objections to all these testamentary documents. After the Surrogate directed the trial in Supreme Court of the issues raised and following a lengthy trial therein, a verdict was directed in favor of proponents on the question of due execution and the jury rendered a verdict in their favor on the issues of testamentary capacity and fraud and undue influence. The verdict then was certified by the Clerk of the Supreme Court to the Clerk of the Surrogate's Court. At that juncture, the Attorney-General, who previously had not been notified of the objections filed as required by law, moved to intervene on behalf of the ultimate beneficiaries of the charitable trust, presenting objections to the four codicils. He urged that decedent and her sister had executed mutual wills pursuant to mutual express promises not to alter or revoke either, raised issues of due execution, lack of testamentary capacity and fraud and undue influence as to the codicils and requested a new trial. Shortly thereafter, contestants moved in Supreme Court, pursuant to CPLR 4404 (subd. [a]), to set aside the jury verdict and for a new trial in the interests of justice, it being contended that the absence of the Attorney-General rendered the prior litigation null and void. When a Surrogate's Court case has been transferred to the Supreme Court or County Court for a jury trial, generally, no order or decree should be entered by the transferee court, an exception being an order setting aside the verdict (SCPA 502, subd. 7: Practice Commentary by David D. Siegel, McKinney's Cons. Laws of N. Y., Book 58A, SCPA 503, 2701; cf. *Matter of Pardee*, 235 App. Div. 492, 493). A motion for a new trial under CPLR 4404 (subd. [a]), on the ground of being in the interest of justice, encompasses errors in rulings on admissibility of evidence, mistakes in the charge, misconduct, newly discovered evidence and surprise, the question the Trial Judge must decide being whether substantial justice has been done — i.e., whether it is likely that the verdict has been affected (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 4404.08, 4404.11). It is directed to the components of the trial, such as the testimony, charge and conduct of the participants. Here, the motion did not refer to the trial itself but rather to the absence of notice or a defect of parties, in existence in Surrogate's Court prior to the transfer to Supreme Court. Furthermore, the motion was not made within 15 days after the verdict (CPLR 4405; *Hill* v. *State of New York*, 29 A D 2d 824) and the record reveals no persuasive reason for the failure in making a timely motion (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4405.05). We do not pass on the Attorney-General's application to intervene and file objections, which is still pending in Surrogate's Court, nor do we disregard the provisions of EPTL 8–1.4 (subd. [e], par. [2]). However, we point out that the verdict of the Supreme Court, as reinstated. is conclusive as against contestants, except upon appeal (SCPA 502, subd. 7). Orders reversed, on the law, verdict of the jury reinstated and matter remitted to the Surrogate's Court of Essex County. Herlihy, P. J., Aulisi, Staley, Jr., Cooke and Sweeney, JJ., concur in memorandum by Cooke, J.