■ Jose De Leon, an Infant, by Paula Quinones, His Mother, et al., Respondents, v New York City Transit Authority, Appellant.—In a negligence action to recover damages for personal injuries, etc., defendant appeals from an order of the Supreme Court, Kings County, dated July 31, 1978, which granted plaintiffs' motion to set aside a jury verdict in favor of defendant on the issue of liability and ordered a new trial. Order reversed, without costs or disbursements, motion denied and verdict reinstated. In our opinion, a reading of the trial transcript does not support the conclusion of the Trial Justice that a "circus atmosphere" was created by the conduct of appellant's trial counsel which prevented the plaintiffs from receiving a fair

trial. The Trial Justice, in granting plaintiffs' motion to set aside the verdict, scathingly described defense counsel's actions pertaining to his evidentiary rulings during the six-day trial as "guerilla attacks" which frustrated the jury's "dispassionate consideration" of the evidence. However, only two instances are found in the record where there was evidence of conflict between the trial court and counsel in the presence of the jury on the manner in which defense counsel interrogated some of the witnesses. In both instances a dispute arose over the trial court's refusal to allow defense counsel more "leeway" in questioning witnesses who, although called by him, were not giving testimony favorable to the defendant. Moreover, the summation of defendant's trial counsel, described by the Trial Judge as "punctuated with repeated reference to matters which had not been received in evidence before the jury", was not objected to in whole or in part by plaintiffs' counsel. Despite the conclusory affidavit of one of the jurors on plaintiffs' motion to set aside the verdict that the jury was distracted by excessive interruptions on the part of defense counsel, we believe that defense counsel was not guilty of egregious conduct which warrants setting aside the verdict in favor of defendant. We are also of the opinion that from the evidence adduced at the trial, the jury was justified in concluding that the injuries sustained by the infant plaintiff in falling to the tracks while walking or running between two of defendant's subway cars was not caused by any negligence on the part of defendant. It would appear that the jurors reached their verdict after due and proper consideration of the evidence presented them. In any event, plaintiffs' failure to move for a mistrial on the ground which they now claim constituted prejudicial and reversible error amounted to a waiver of this objection (see *Kane v Zade,* 63 AD2d 993). Titone, J. P., Shapiro, Martuscello and Mangano, JJ., concur.