(July 16, 1990)

■ ALLSTATE INSURANCE COMPANY, Appellant, v JEAN L. TOUSSAINT et al., Respondents.—In an action, inter alia, for a judgment declaring the rights and obligations of the parties under a motor vehicle insurance policy issued by the plaintiff, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Kings County (I. Aronin, J.), dated January 27, 1989, which granted the motion of the defendant Motor Vehicle Accident Indemnification Corporation for summary judgment and declared that the policy in question covered the motor vehicle in question and that the plaintiff was required to defend and indemnify the defendants Tous-

saint and Printemps Transportation Corp. in a personal injury action brought by the defendants Cynthia and Andreline Lors.

Ordered that the order and judgment is affirmed, with costs to the respondent Motor Vehicle Accident Indemnification Corporation.

The facts underlying this action are set out at length in the dissent, and are not in dispute. As our dissenting colleague concedes, collateral estoppel principles are applicable to arbitration awards *(see, Matter of American Ins. Co. [Messinger— Aetna Cas. & Sur. Co.],* 43 NY2d 184). This record contains nothing that would warrant a departure from this general rule. The issue the plaintiff seeks to litigate, in the context of this declaratory judgment action, is whether the vehicle in question was covered by an insurance policy it issued to Printemps Transportation Corp. at the time of the accident, is the precise issue that was decided by the arbitrator *(see, Ryan v New York Tel. Co.,* 62 NY2d 494, 500). That decision was reached after a hearing at which the plaintiff was represented by counsel and had an opportunity to present its position *(see, Clemens v Apple,* 65 NY2d 746, 749). Moreover, although a "relatively small claim" was at issue in that arbitration, the plaintiff was or reasonably should have been aware that a personal injury action had been or would likely be commenced *(see, Gilberg v Barbieri,* 53 NY2d 285, 292). Additionally, contrary to the assertion in the dissent, by accepting the privilege of issuing motor vehicle insurance policies in this State, the plaintiff has voluntarily elected "to appear before a tribunal other than a court of law" *(see,* Insurance Law § 5221 [b] [6]). If the plaintiff was dissatisfied with the arbitrator's determination, it had a judicial recourse, albeit limited, in the form of a proceeding pursuant to CPLR article 75 to vacate the arbitrator's award, an opportunity of which the plaintiff did not avail itself.

Finally, we note our disagreement with the implication in the dissent that, pursuant to the regulations promulgated with respect to an arbitration proceeding, the arbitrator's determination is not to be given preclusive effect as to issues involving liability. The cited rule applies where there are companion cases arising out of the same accident and the issue submitted to arbitration is the fault of the drivers of the respective vehicles involved. It is not intended to deny preclusive effect to an arbitration determination concerning a disclaimer of coverage where coverage was the issue before the arbitrator *(see,* 11 NYCRR 65.10 [d] [5] [iii]). Brown, J. P., Kooper and Rubin, JJ., concur.

Harwood, J., dissents and votes to reverse the order and judgment appealed from, on the law, and to deny the motion, with the following memorandum: I am of the opinion that collateral estoppel should not be applied here to deprive the plaintiff of the opportunity to litigate whether it is obligated to defend and indemnify the owner and driver of a particular vehicle in a personal injury action brought on behalf of an injured infant pedestrian. I therefore dissent and vote to reverse the order and judgment which summarily declared that the plaintiff is so obligated.

On April 16, 1986, the infant pedestrian Cynthia Lors was struck by a 1977 Buick owned by the defendant Printemps Transportation Corp. (hereinafter Printemps) and driven by the defendant Toussaint. Cynthia Lors and her mother and natural guardian Andreline Lors made a claim for first-party benefits pursuant to a policy issued by the plaintiff. On September 12, 1986, the plaintiff disclaimed and denied coverage on the ground that the Printemps policy was canceled before the date of the accident and that, in any event, the 1977 Buick was not a covered vehicle. The Lors's then served notice on the defendant Motor Vehicle Accident Indemnification Corp. (hereinafter MVAIC) that they intended to make a claim for first-party and other benefits (see, Insurance Law § 5208). MVAIC ultimately paid $535.42 in first-party benefits and in December 1986 it demanded statutorily mandated arbitration (see, Insurance Law § 5221 [b] [6]; see also, 11 NYCRR 65.10 [a] [5]) of a controversy as to whether it was the plaintiff which was obligated to pay those benefits. On or about March 18, 1987, the Lors's instituted a personal injury action against Printemps and Toussaint, and MVAIC undertook their defense (see, Insurance Law § 5209).

The mandatory arbitration "hearing" took place on March 25, 1987, one week after commencement of the personal injury action and before the plaintiff was aware of the existence of that action. Precisely what occurred is not set forth but it is virtually conceded that the procedure observed was, as required, "informal" (see, 11 NYCRR 65.10 [d] [3] [vi]) and an award in MVAIC's favor in the amount of $535.42 was issued that day. The specified basis for the finding was "disclaimer by [plaintiff] invalid". Nine months later, in December 1987 the plaintiff commenced this action, inter alia, for declaration that the policy it issued to Printemps afforded no coverage of the claims of the defendants. MVAIC interposed an answer asserting that, because of the arbitration award, the plaintiff was collaterally estopped from relitigating whether its disclaimer

was valid. Thereafter, it moved for summary judgment on that basis. No copy of the insurance policy is included in the record before us but a response to a request for information from the New York State Department of Motor Vehicles indicates that the 1977 Buick was insured on the date of the accident while another indicates that it was not. The latter document also indicates that action would be taken against the owner and operator for having been involved in an "uninsured accident", and the record demonstrates that the registration for the 1977 Buick was indeed thereafter revoked because of a "fraudulent" for-hire "certificate" used to "effect" the 1986 registration of the vehicle.

The Supreme Court granted the motion by MVAIC for summary judgment and declared that the policy issued by the plaintiff to Printemps did cover the 1977 Buick, that it afforded coverage for the Lors' claims, and that the plaintiff was obligated to defend and indemnify Printemps and Toussaint.

I recognize that collateral estoppel principles are applicable to arbitration awards (see, Matter of American Ins. Co. [Messinger—Aetna Cas. & Sur. Co.], 43 NY2d 184; see also, Clemens v Apple, 65 NY2d 746), and that the determination that the doctrine should be applied is more easily made where, as here, the parties to the present litigation are the same as the parties to the proceeding where the purportedly identical issue was already determined (see, Matter of American Ins. Co. [Messinger—Aetna Cas. & Sur. Co.], supra, at 190). It is equally true, however, that the doctrine of collateral estoppel is a flexible one which is premised on fairness (see, Kelly v Malone Frgt. Lines, 139 AD2d 566; Samhammer v Home Mut. Ins. Co., 120 AD2d 59, 60), that the "realities of the prior litigation" must be recognized (Clemens v Apple, supra, at 748; see, Staatsburg Water Co. v Staatsburg Fire Dist., 72 NY2d 147, 153), and that the doctrine "must not be allowed to operate to deprive a party of an actual opportunity to be heard" (Commissioners of State Ins. Fund v Low, 3 NY2d 590, 595).

Apart from the fact that arbitration of a claim concerning "no fault" or first-party benefits is not necessarily dispositive of whether there is also liability coverage (see, Matter of Eveready Ins. Co. v Asante, 153 AD2d 890, 891; Matter of Michigan Millers Mut. Ins. Co. v Cullington, 59 AD2d 784, 785), in my view, it is fundamentally unfair to rule that a party which did not voluntarily elect (cf., Clemens v Apple, supra; Matter of American Ins. Co. [Messinger—Aetna Cas. & Sur. Co.], supra) to appear before a tribunal other than a court of law to resolve a relatively small claim (cf., Staatsburg

*Water Co. v Staatsburg Fire Dist., supra)* is to be bound for all purposes in all other actions and proceedings by the determination there made: that informally arrived at determination *(see,* 11 NYCRR 65.10 [d] [3] [vi]) was not rendered by a tribunal "employing procedures substantially similar to those used in a court of law" *(Ryan v New York Tel. Co.,* 62 NY2d 494, 499) and is subject to only limited judicial review *(see,* CPLR art 75; *see also, Motor Vehicle Mfrs. Assn. v State of New York,* 75 NY2d 175, 184, 185-186). Moreover, that unfairness is only compounded by the fact that the regulation promulgated pursuant to the statute mandating the arbitration *(see,* Insurance Law § 5221 [6]), on which the plaintiff was entitled to rely when it participated in the arbitration proceeding here, provides that "[a] decision of a panel on issues other than liability is not res judicata as to the same or similar issues in companion claims *or any other claim between the arbitrating parties"* (11 NYCRR 65.10 [d] [5] [iii] [emphasis added]; *cf., Matter of American Ins. Co. [Messinger—Aetna Cas. & Sur. Co.], supra,* at 193-194). Since the plaintiff has yet to have full and fair opportunity to litigate whether it validly disclaimed coverage, summary judgment should have been denied.