■ EDWARD MATHEWS, Respondent, v COCA-COLA BOTTLING OF NEW YORK et al., Defendants, and L.P. TRANSPORTATION, INC., et al., Appellants. (And a Third-Party Action.)—In a products liability action, (1) the defendants L.P. Transportation, Inc., and the Heil Company separately appeal from an order of the Supreme Court, Queens County (Di Tucci, J.), dated February 16, 1990, which granted the plaintiff's post-trial motion to set aside a jury verdict in their favor and granted a new trial, and (2) the defendant the Heil Company appeals from an order of the same court, dated November 2, 1990, which granted the plaintiff's motion to settle the trial transcript in accordance with his requests.

Ordered that the order dated February 16, 1990 is reversed, on the facts and as a matter of discretion, the plaintiff's motion is denied, the verdict is reinstated, and the matter is remitted to the Supreme Court, Queens County, for the entry of an appropriate judgment in favor of the appellants upon the jury verdict; and it is further,

Ordered that the order dated November 2, 1990, is affirmed; and it is further,

Ordered that the appellants are awarded one bill of costs.

Citing several factors, specifically, (1) an error in a readback of the plaintiff's testimony during deliberations, which was promptly corrected, (2) an apparent error in the transcript on the same subject, which was the subject of another readback,

and (3) the conduct of counsel for the defendant the Heil Company (hereinafter Heil), the trial court stated that it was "compelled" to grant the plaintiff's motion to set aside the jury verdict in favor of the appellants in the interest of justice. We observe that, by failing to move for a mistrial on the grounds which he asserted in his posttrial motion, the plaintiff waived his right to seek relief on those grounds pursuant to CPLR 4404 (a) *(see, De Leon v New York City Tr. Auth.,* 70 AD2d 926, *revd on other grounds* 50 NY2d 176; *Kane v Zade,* 63 AD2d 993; *Schein v Chest Serv. Co.,* 38 AD2d 929).

In any event, by characterizing the plaintiff's testimony, which was the subject of both the misreading and purportedly erroneous transcription and readback, as relating to "a very central and major issue of the trial", the trial court accorded undue significance to that "issue", both in the context of the entire trial and, more importantly, in relation to the jury's resolution of the special interrogatories submitted to it. The testimony in question was relevant only on the issues of proximate cause and the plaintiff's comparative negligence, which the jury in this case never had occasion to address inasmuch as it found that the appellants were neither negligent nor produced or maintained a defective product. Thus, the erroneous readbacks cannot be said to have affected the jury's verdict.

Furthermore, neither the conduct of counsel for Heil nor the allegedly circus-like atmosphere created by the contentiousness of both the plaintiff's and Heil's counsel was so egregious to warrant setting aside the verdict. Indeed, the trial court acknowledged that, "standing alone", these latter claims would not have warranted interference with the jury's verdict.

Accordingly, inasmuch as the misreading, the erroneous transcription and readback, and the conduct of counsel did not interfere with the achievement of "substantial justice" *(see, Micallef v Miehle Co.,* 39 NY2d 376; *Nicastro v Park,* 113 AD2d 129), the trial court improvidently exercised its discretion in setting aside the jury verdict.

There is no basis to disturb trial court's order settling the transcript *(see, People v McGoldrick,* 284 App Div 978). Rosenblatt, J. P., Lawrence, Eiber and Copertino, JJ., concur.