OPINION OF THE COURT
Lorraine S. Miller, J.
Plaintiff, a 42-year-old self-employed delivery person, sus *677 tained a severe fracture of his right elbow on April 20, 1992 when his bicycle and a bus were in an accident in the Bowery and East 4th Street in the City of New York.
Defendant, the owner of the bus, refused to pay "no-fault” benefits denying that its bus was involved in the accident. The parties proceeded to arbitration at which time defendant entered into a consent award and thereafter paid plaintiff for medical expenses and earnings loss. The issue before this court is whether defendant’s entry into the consent award precludes defendant from continuing to deny that its bus came into contact with plaintiff and caused his injuries.
Defendant alleges that Dermatossian v New York City Tr. Auth. (67 NY2d 219 [1986]) is controlling and mandates exclusion of evidence that the defendant paid "first-party benefits” pursuant to Insurance Law § 5102 (b). In that case Judge Hancock, Jr. wrote that "[e]vidence, albeit logically and technically relevant, is not necessarily admissible [and] will be excluded 'if it is too slight, remote, or conjectural to have any legitimate influence in determining the fact in issue” (supra, at 223). The Court pointed out that the payment of benefits in that case did not prove that plaintiff had actually been hurt on the bus, which defendant disputed, but rather, demonstrated defendant’s compliance with its statutory obligation under Insurance Law § 5103 (a) and § 5106 (a) to pay first-party benefits to a " 'covered person’ ” (supra) within 30 days after submission of proof of loss, thereby avoiding interest at 2% per month and possible liability for attorney’s fees (see, 11 NYCRR 65.15 [g], [h]). The legislative policy underlying the prompt payment of first-party benefits, at that early stage, without verification and investigation, would be scuttled if it could he deemed an admission subsequently.
The case before this court is distinguishable, however, for while defendant chose not to make the payments mandated by the Insurance Law, it also delayed unreasonably until the matter went to arbitration. Only then, at that stage before the arbitrator, did defendant agree to honor plaintiffs claim and entered into a consensual award to pay plaintiff for lost wages, medical costs and attorney’s fees. Defendant continues to claim, nevertheless, that such payments do not constitute an admission in the within personal injury action for damages and that defendant’s bus never came in contact with the plaintiff. Similarly the policy underlying prompt payment of first-party benefits would also be scuttled if defendants could *678 unreasonably wait until the arbitration stage before making such payments and still claim no estoppel on key issues.
In Matter of American Ins. Co. (Messinger) (43 NY2d 184 [1977]), the Court of Appeals held that the determination made in an arbitration proceeding is binding between the same parties in a subsequent personal injury action arising out of the same accident and that res judicata or direct estoppel applies as well to awards in arbitration as they do to determinations in judicial proceedings.
Plaintiff herein contends that the consent award necessarily establishes that there was contact, indeed, between the defendant’s bus and the plaintiff and that this is no longer an issue in this case under the doctrine of "issue preclusion”. It is surely clear in New York that a party may not relitigate an issue previously resolved in a prior proceeding if the losing party had a "full and fair opportunity” to litigate that very issue and present its position. (Allstate Ins. Co. v Toussaint, 163 AD2d 444 [1990]; Weiss v Manfredi, 83 NY2d 974 [1994], rearg denied 84 NY2d 848 [1994]; Matter of Choi v State of New York, 74 NY2d 933 [1989].)
Defendant cannot now contend that because it entered into a consent award that it was not a "determination” and that it did not have the opportunity to oppose the plaintiff for it had the opportunity to do so. The Dermatossian case (supra, at 225-226) relied upon by the defendant points out, as well, that if a defendant disputes a claim for no-fault benefits and subjects itself to the arbitration process it also subjects itself to the risk of being bound by an adverse arbitral ruling in a subsequent personal injury lawsuit. Defendant having gone to arbitration cannot now keep open the issue of contact between the plaintiff and its vehicle. It should also be noted that defendant totally ignored plaintiff’s notice to admit and must be bound by the provision of CPLR 3123!