■ DAVID J. MUSINSKI et al., Respondents, et al., Plaintiffs, v HARRAN TRANSPORTATION COMPANY, INC., et al., Appellants. [672 NYS2d 430] —In an action to recover damages for personal injuries, etc., the defendants appeal, by permission, from (1) an order of the Supreme Court, Nassau County (McCarty, J.), dated June 2, 1997, which granted the respondents' motion for a posttrial hearing on, *inter alia,* the issue of impermissible influence upon and interference with the jury, and (2) an order of the same court, dated June 9, 1997, which denied the application of the defendant Harran Transportation Company, Inc., for the court to recuse itself from presiding over the posttrial hearing.

Ordered that the order dated June 2, 1997, is reversed, on the law and on the facts, and the motion is denied; and it is further,

Ordered that the appeal from the order dated June 9, 1997, is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the appellants appearing separately and filing separate briefs.

The respondents failed to oppose the respective motions of the appellants for a mistrial based on a claim that there had been impermissible influence upon or interference with the jury. They also failed to object to the possession of a subpoenaed computer disc by one of the appellants. Therefore, the respondents waived their right to assert their present claim that a posttrial hearing is necessary on those issues (*see, People v Albert,* 85 NY2d 851; *Mathews v Coca-Cola Bottling,* 188 AD2d 590). The issue of jury interference or influence was, in fact, addressed during the trial to the apparent satisfaction of the respondents, who did not then object to the scope of the inquiry.

As there is no need for a posttrial hearing to address the allegation of impermissible influence upon or interference with the jury, the appeal from the order denying the motion for the court to recuse itself from conducting such a hearing is academic. Rosenblatt, J. P., Goldstein, McGinity and Luciano, JJ., concur.