Gafur v Garden Cab Corp. (2004 NY Slip Op 50038(U))

[*1]

Gafur v Garden Cab Corp.

2004 NY Slip Op 50038(U)

Decided on January 26, 2004

Supreme Court, Bronx County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 26, 2004

Supreme Court, Bronx County
 SHAHEDI GAFUR, Plaintiff 
against
GARDEN CAB CORP. and KABIR HUMAYUN, Defendants.
Index No. 6081/2000

Dianne T. Renwick, J.
The following documents were considered in reviewing plaintiff's post-trial motion, for an order setting aside the jury verdict:
PapersNumbered
Plaintiff's Affirmation In Support of Motion1,2 (exhibits)
Defendant's Affirmation in Opposition to Motion3 (exhibits)
Plaintiff Shahedi Gafur commenced this action to recover damages based upon injuries allegedly sustained when she alighted from a taxi cab operated by defendant Kabir Humayun and owned by defendant Garden Cab Corp. At the end of the trial of the action presided by this Court, the jury rendered a verdict in favor of defendants. Specifically, in a response to an interrogatory, the jury found that defendant-cab driver had not been involved in the accident in question. Plaintiff now moves for an order pursuant to CPLR §4404(a) to set aside the verdict on several grounds.
Background
In addition to the damages sought in this personal injury action, plaintiff filed an application for non-fault benefits (loss of wages and medical expenses) under the automobile policy issued to Garden Cab Corp, covering its driver defendant Humayun. The insurer, American Transit Insurance, denied the application on the ground that the insured driver denied any involvement in the accident. The matter was heard by an arbitrator who issued an award prior to the trial of the personal injury action. The arbitrator found that plaintiff had been injured while occupying a vehicle insured by American Transit Insurance. It is undisputed that defendants were not parties to and did not participate in the arbitration.
At the trial of the personal injury action, the only witness presented was the injured plaintiff Gafur. He testified that he had been injured on November 12, 1997, when he had gone from his home in the Bronx, to Queens, searching for an apartment to rent. On his way back, he allegedly got a ride [*2]home from his friend, defendant Humayun, who was driving a cab owned by defendant Garden Cab Corp. During the ride, defendant was driving erratically, plaintiff reports. As a result, plaintiff Gafur asked his friend to stop the car. As plaintiff alighted the car, defendant Humayun abruptly sped up before Gafur had time to exit the car. The opened door knocked Gafur to the ground, and defendant Humayun left plaintiff Gafur on the scene with a broken leg. An unknown person stopped his car and drove plaintiff to the hospital.
Defendants presented no witnesses during the trial. During summation, defendants argued that plaintiff's story was a "fabrication," pointing out several factors that cast doubt upon the credibility of plaintiff's version of the event. For instance, counsel for defendants pointed out that plaintiff did not call the police at the time of the accident. He reported the accident to the police three weeks later. Nor did plaintiff call an ambulance to take him to the hospital. Instead, an unknown person took plaintiff to the hospital. Plaintiff never got the person's name. Counsel also pointed out that it did not make any sense that a driver would cause his friend to be injured and left stranded with a broken ankle simply because the passenger complained about his friend's erratic driving.
The Court submitted to the jury a verdict sheet with itemized questions, including the threshold question whether there had been an automobile accident involving plaintiff, the cab owned by Garden Cab Corp. and defendant driver Humayun. At the time, counsel for plaintiff objected to the submission of that question to the jury on the ground that it was superfluous because it was subsumed into the question whether defendants had been negligent on the day of the accident. The jury, in response to such question contained in the itemized verdict sheet, found that defendant-cab driver had not been involved in the accident.
Plaintiff Gafur now submits a post-trial motion, pursuant to CPLR §4404(a), seeking to set aside the jury verdict on several grounds. First, plaintiff argues that the court erred in submitting the disputed question to the jury because collateral estoppel precluded defendants from re-litigating that same issue which had previously been decided in plaintiff's favor in the arbitration proceedings that awarded him no-fault benefits. Secondly, plaintiff argues that counsel for defendants exceeded the bounds of proper summation by making comments injecting his personal opinion into the case. Thirdly, plaintiff argues that the verdict rendered in favor of defendants was against the weight of the evidence since plaintiff's version of the accident was not refuted by defendants.
Discussion
The Court first addresses the motion for a new trial based upon the alleged trial errors. A motion to set aside the verdict where the issues of fact have been tried by a jury as of right is governed by CPLR §4404(a). A motion for a new trial in the interest of justice under CPLR §4404(a) encompasses errors in rulings on admissibility of evidence, mistakes in charge, misconduct, newly discovered evidence, and surprise. It is directed to components of trial, such as testimony, charge, and conduct of participants. In re Estate of De Lano, 34 A.D.2d 1031 (3rd Dept. 1970). The question that the trial judge must decide on a motion for a new trial in the interest of justice is whether substantial justice has been done. Micallef v. Miehle Co., 39 N.Y.2d 376 (1976); In re Estate of De Lano, supra, 34 A.D.2d 1031.
Preliminarily, it should be pointed out that the alleged trial errors are not appropriately raised on this post-trial, CPLR §4404(a) motion to set aside the jury verdict. Since at trial plaintiff never moved [*3]for a mistrial on such grounds which he asserts in this post-trial motion, plaintiff waived his right to seek relief on these grounds pursuant to CPLR §4404(a). See Bonilla v. New York City Health and Hospital Corp., 229 A.D.2d 371 (2nd Dept. 1996); DeLeon v. New York City Transit Authority, 70 A.D.2d 926 (2nd Dept. 1979), rev'd on other grounds, 50 N.Y.2d 176 (1980); Kane v. Zade, 63 A.D2d 993 (2nd Dept. 1978); Schein v. Chest Serv. Corp., 38 A.D.2d 929 (1st Dept. 1972). Their presentation was contingent upon their assertion on advance of verdict as grounds for a mistrial. The procedural infirmities aside, neither claim of trial error has any merits, as fully explained below.
A. Collateral Effect of Prior Arbitration Proceeding For No-Fault Benefits
 The Court first turns its attention to the claim that the jury question that disposed of the case had been precluded by the arbitration decision granting plaintiff no-fault benefits. The Court recognizes that collateral estoppel principles are applicable to arbitration awards. See Matter of American Ins. Co., 43 N.Y.2d 184 (1973); see also, Clemens v. Apple, 65 N.Y.2d 747 (1985). However, contrary to plaintiff's allegations, such arbitration rulings do not apply to a subsequent action involving a party that did not participate in the arbitration. Rather, the doctrine of collateral estoppel precludes a party who did participate in the arbitration from re-litigating claims which were previously arbitrated to a conclusion. See e.g., Allstate Ins. Co. v. Toussaint, 163 A.D.2d 444 (2nd Dept. 1990) (Determination at arbitration proceeding that vehicle involved in accident was covered by policy issued by insurer at time of accident had collateral estoppel effect in insurer's subsequent action seeking to determine its obligations under the
policy).
Indeed, in circumstances strikingly similar to this case, in personal injury actions arising out of automobile accidents, prior findings made in insurance arbitration concerning amount of plaintiff's first party, no-fault benefits claim, regarding injuries sustained by plaintiff, have been found not binding upon insured defendants under the doctrine of collateral estoppel. In those circumstances, the New York courts have declined to invoke collateral estoppel because the defendants in the subsequent action, like the defendants in this case, insureds rather than insurers, had no interests or opportunity to contest determination made therein. See e.g., Russom v. Waldrom, 224 A.D2d 905 (3rd Dept. 1996); Compton v. D'Amore, 101 A.D.2d 800 (2nd Dept. 1984); Baldwin v. Brooks, 83 A.D.2d 85 (4th Dept. 1981). In the prior no-fault proceedings, insureds would have no privity with insurers because they would have no cognizable interest in such proceedings in which their liability was not at issue. Baldwin v. Brooks, 83 A.D.2d 85 (4th Dept. 1981).
To illustrate, in Russom v. Waldron, 224 A.D.2d 905, (3rd Dept. 1996), a personal injury action arising out of an automobile accident, the prior finding made in insurance arbitration concerning amount of plaintiff's first party no-fault benefits regarding injuries sustained by plaintiff, was not binding upon insured defendants under the doctrine of collateral estoppel. In Russom v. Waldrom, supra, a passenger, was injured when an automobile went off a road and rolled over. He then filed application for no-fault benefits under a policy issued to the owners of the automobile. The Court found that arbitration decision, that the passenger's injuries were casually related to the accident, entitling the passenger to no-fault benefits, did not estop the insured automobile owners from contesting the issue of proximate cause in a personal injury action brought against them by the passenger.
 Accordingly, like in the aforementioned cases, in this personal injury action arising out of an [*4]automobile accident, the prior finding made in the insurance arbitration concerning amount of plaintiff's first party no-fault benefits regarding injuries sustained by plaintiff, was not binding upon insured defendants under the doctrine of collateral estoppel. Specifically, the arbitration decision, that the passenger's injuries were casually related to the accident, entitling the passenger to no-fault benefits, did not estop the insured automobile owner and driver from contesting the issue of proximate cause and related issues in this personal injury action brought against them by the pedestrian. Thus, this Court did not err in submitting to the jury, in the form of an interrogatory, the factual issue of whether defendant driver had been involved in the accident with plaintiff.
B. Propriety of Defense Counsel's Conduct During Summation
 Nor does this Court find any merits to plaintiff's argument that a new trial is warranted because of defense counsel's improper summation. The decision to grant or deny a mistrial rests within the sound discretion of the trial court. See Chung v. Shakur, 273 A.D.2d 340 (2nd Dept. 2000). Such drastic relief is generally warranted only where the misconduct by counsel has "permeated the trial and ... effectively destroyed the [moving party's] ability to obtain a fair trial." DiMichel v. South Buffalo Ry. Co., 80 N.Y.2d 184, 198 (1992); see also, Balsz v. A & T Bus Co., 252 A.D.2d 458, 459 (1st Dept. 1998); Rohring v. City of Niagara Falls, 192 A.D.2d 228, 230-231 (1st Dept. 1993), affd 84 N.Y.2d 60 (1994).
Here, a review of the defense counsel's summation reveals to this Court a single instance where defense counsel may have overstepped the bounds of proper summation. Defense counsel began his summation by commenting that "I think this case is a fabrication." The comment might have been better left unsaid since it is well settled law that a trial counsel improperly acts as an unsworn witness when he interjects "unsworn statements of personal knowledge of the facts of the case." See Code of Professional Responsibility, DR 7-106 [C] [3] ) ..."; Sanchez v. Manhattan and Bronx Surface Transit , 170 A.D.2d 402 (1st Dept. 1991);
Caraballo v. City of New York, 86 A.D.2d 580 (1st Dept.1982); See also, Weinberger v. City of New York, 97 A.D.2d 819, 820 (2nd Dept. 1983).
Nevertheless, the comment was not prejudicial since it was an isolated remark. It did not constitute a sustained repeated remark that "obscure[d] the issues as to have made the trial unfair." Balsz v. A&T Bus Co., 252 A.D.2d 458, 458-459 (1st Dept. 1998). In fact, counsel for plaintiff never objected to the remark or any other remark made by defense counsel during the summation. This is not surprising since, after the unauspicious beginning, defense counsel spent his entire summation addressing the factors that cast doubt upon plaintiff's version of the accident. Under the circumstances, plaintiff has failed to demonstrate that any objectionable comments made by defense counsel during summation substantially affected the outcome, so as to warrant a new trial. Cf. Torres v. City of New York, 306 A.D.2d 191 (1st Dept. 2003).
C. Weight of the Evidence Review of Jury Verdict
The remaining question is whether the jury's verdict, finding that neither the cab owned by defendant Garden Cab Corp., nor defendant cab driver Humayun, had been involved in any incident causing plaintiff's injuries, should be set aside as against the weight of the evidence. Pursuant to CPLR §4404(a), a trial court has broad powers to set aside a jury verdict "where the verdict is against the weight of the evidence." The standard for setting aside a verdict is "whether the evidence so [*5]preponderated in favor of the movant that [the verdict] could not have been reached on any fair interpretation of the evidence." Nicastro v. Park, 113 A.D.2d 129, 136-137 (2nd Dept. 1985).
 This broad power, however, "shall be exercised sparingly to avoid usurping the jury's function." Wisotsky v. Oak Leasing Corp., 212 A.D2d 527 (2nd Dept. 1995). If the verdict is one that reasonable persons could have rendered after receiving conflicting evidence, the court should not substitute its judgment for that of the jury. See, Bolles v. County of Cattaraugus, 162 A.D.2d 975 (4th Dept. 1990). The court must not " 'unnecessarily interfere with the fact-finding function of the jury to a degree that amounts to an usurpation of the jury's duty' " Nicastro v. Park, 113 A.D.2d 129, 133, quoting Ellis v. Hoelzel, 57 A.D.2d 968, 969 (3rd Dept. 1977). Thus, a jury verdict is entitled to great deference and should only be set aside as against the weight of the evidence when it could not have been reached on any fair interpretation of the evidence. See, Bendersky v. M & O Enters., Corp., 299 A.D.2d 434 (2nd Dept. 2002).
Here, a review of the evidence submitted at trial indicates ample basis for the jury's determination. Although counsel for defendants presented no witness to refute plaintiff's version of the accident, counsel adduced pertinent evidence that cast doubt upon the veracity of such account. For instance, as noted above, counsel pointed out that plaintiff did not call the police at the time of the accident. In light of the seriousness of the allegations made against defendant driver, you would have expected a victim to immediately contact the police. For some unexplained reason, however, plaintiff waited three weeks to report the accident to the police. Nor did plaintiff call an ambulance from the scene. He explained that an unknown person took him to the hospital. Yet, plaintiff never recorded nor did remember the person's name. Under the circumstances presented to the jury herein, involving clear issues of credibility, a rational trier of fact could find
that plaintiff's account was not credible. Thus, the jury's determination was not against the weight of the evidence.

Conclusion
For the foregoing reasons, plaintiff's motion, seeking a new trial based upon alleged trial errors, is denied as devoid of merits. The Court properly submitted to the jury the factual question whether defendants had been involved in plaintiff's accident, as not subjected to collateral estoppel where defendants were not part of the arbitration proceeding for non-fault benefits. Likewise, plaintiff failed to establish that defense counsel's summation inappropriately influenced the jury's verdict. Nor was the jury's determination against the weight of the evidence. Therefore, plaintiff's post-trial motion, seeking to set aside the jury verdict, pursuant to CPLR §4404(a), is denied in its entirety.
This constitutes the Decision and Order of the Court.
Bronx, New York Hon. Dianne T. Renwick, J.S.C.
Decision Date: January 26, 2004