■ KISNET BROOKS, Appellant-Respondent, v MAINTENANCE SERVICE RESOURCES, INC., Defendant and Third-Party Plaintiff-Respondent-Appellant. ALLIED EXTERMINATING, Third-Party Defendant-Respondent-Appellant. [843 NYS2d 833]—In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated February 10, 2006, as granted those branches of the separate motions of the defendant third-party plaintiff and the third-party defendant which were for leave to renew their prior separate motions, inter alia, pursuant to CPLR 4404 (a) to set aside a jury verdict awarding damages to the plaintiff, which motions had been determined, in part, in an amended order of the same court dated January 24, 2005, and granted a new trial on the issue of damages, and the defendant third-party plaintiff and the third-party defendant separately cross-appeal, as limited by their respective briefs, from so much of the same order as denied those branches of their separate motions which were to dismiss the complaint as a sanction for the plaintiff's allegedly fraudulent representations at the trial.

Ordered that the appeal and cross-appeals are dismissed as academic, without costs or disbursements, in light of our determination of an appeal and cross appeal from an interlocutory judgment of the Supreme Court, Kings County, dated June 28, 2005 (see *Brooks v Maintenance Serv. Resources, Inc.,* 44 AD3d 887 [2007] [decided herewith]). Schmidt, J.P., Mastro and Dillon, JJ., concur.

Fisher, J. (dissenting and voting to affirm the order insofar as appealed and cross-appealed from, with the following memorandum): In light of my dissent from this Court's determination of an appeal and cross appeal from an interlocutory judgment of the Supreme Court, Kings County, dated June 28, 2005 (see *Brooks v Maintenance Serv. Resources, Inc.,* 44 AD3d 887 [2007] [decided herewith]), I would not dismiss the appeal and cross appeals as academic. Rather, I would hold that the Supreme Court providently exercised its discretion in granting the defendant

third-party plaintiff and the third-party defendant leave to renew their respective motions pursuant to CPLR 4404 (a) (*see* CPLR 2221 [e] [3]) and, upon renewal, providently granted, in the interests of justice, those branches of the motions which were to set aside the jury verdict awarding damages and for a new trial on the issue of damages (*see Matter of De Lano,* 34 AD2d 1031, 1032 [1970], *affd* 28 NY2d 587 [1971]; *McCarthy v Port of N.Y. Auth.,* 21 AD2d 125 [1964]). Moreover, contrary to the contentions of the defendant third-party plaintiff and the third-party defendant, the Supreme Court providently exercised its discretion in declining to dismiss the complaint as a sanction (*cf.* CPLR 3216 [3]; *Sisca v City of Yonkers, N.Y.,* 24 AD3d 531, 532 [2005]). [*See* 11 Misc 3d 1067(A), 2006 NY Slip Op 50420(U) (2006).]