disbursements. No opinion. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.

EDELBRAU BREWERY, INC., Respondent, v. FREDERICK W. DRYBROUGH, as Trustee under Creditors' Agreement Made with HITTLEMAN GOLDENROD BREWERY, INC., Appellant.— Order denying motion of the defendant to examine the plaintiff before trial reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, except that the books, records and documents are to be used only to refresh the recollection of the persons examined. Examination to proceed on five days' notice. The appellant is entitled to the examination sought to establish whether he has fully discharged the duties of his trust as set forth in the agreement attached to the complaint. (*Oshinsky* v. *Gumberg*, 188 App. Div. 23.) The appellant claims commission of ten per cent upon the claims of all paid creditors who joined in the agreement and alleges that the plaintiff has paid some of these creditors direct, thus depriving the appellant of his commission. He is entitled to the examination sought also for the reason that it is necessary to establish his counterclaim. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.

MAE GERY, Respondent, v. ALAN DALSIMER and HELEN DALSIMER, Appellants. — Action by a domestic servant for damages for personal injuries suffered as a consequence of a fall down a staircase in the house of her employers, the defendants. The plaintiff claimed that defendants maintained a dangerous condition on the tread of one of the steps as a consequence of the manner of joinder of two segments of carpet and the manner of fastening the same on the tread, in which plaintiff's heel caught while descending the stairs, accompanied by a child of the defendants. Judgment for the plaintiff unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.

PETER GIFTOS, Respondent, v. A. KOZOWER and Others, Defendants. RICHARD E. WELDON, Attorney, Appellant.— Order settling and discontinuing an action and fixing the fee of plaintiff's former attorney, in so far as appealed from, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.

GRANDVIEW DAIRY, INC. (1), Appellant, and CHARLES KILLETS, as President of Grandview Dairy Mutual Welfare Aid Association (2), Plaintiff, v. THOMAS O'LEARY, Individually and as President of Milk Wagon Drivers, Chauffeurs and Helpers Local No. 584, an Unincorporated Association of More Than Seven Members (1), MAX LIEBLER, Individually and as Secretary of Said Unincorporated Association (2) and CHARLES GREEN (3), Respondents.— Order denying appellant's motion to amend the judgment herein so as to include a provision for money damages affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur. [See *post*, p. ——.]

WILLIAM HOUGH, Respondent, v. HENRY DOERSCH, Appellant.— Order of the County Court of Rockland county setting aside the verdict of no cause of action, in each action, on the ground that the verdicts were inconsistent, contrary to law and to the evidence, that they were compromise verdicts and rendered by the jury after the consideration of certain papers which were not in evidence, reversed on the law, with costs, motion denied, verdicts reinstated and judgment directed to be entered thereon. This is a consolidation of two actions in which each party seeks to recover damages from the other resulting from a collision between their respective

automobiles. The jury returned a verdict of " no cause for action " in each case. We are of opinion that such verdicts were not inconsistent and that the jury, under the charge, may well have found that each was guilty of negligence resulting in the collision. Further, there is no evidence in the record to indicate that the verdicts were the result of a compromise. The paper to which reference is made in the order setting aside the verdicts was the report of a previous motor vehicle accident, which was duly received in evidence. If the document was admitted for a limited purpose, the jury should have been so instructed. But no such request was made on behalf of the respondent. Even if the document tended to prejudice the plaintiff's case, which we think it did not, counsel should have moved for a mistrial immediately on discovering that the exhibit was in the possession of the jury, which discovery was made between five and ten minutes after the jury had retired. Counsel may not speculate on the result, and complain if it is unfavorable. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.