■ DAVID DIAZ, an Infant, by ANTONIO DIAZ, His Guardian ad Litem, et al., Respondents-Appellants, v. FLORENCE WILLIAMS et al., Appellants-Respondents.— Judgment for plaintiffs, unanimously reversed, on the law, on the facts, and in the exercise of discretion, and new trial ordered, with $50 costs to defendants-appellants. The verdict for the plaintiffs, depending principally for its support upon the testimony of the infant plaintiff and the witness Ramirez, is against the weight of the credible evidence. The infant plaintiff, on appearance about a year after the accident before a Justice at Special Term in connection with a pretrial examination, stated that he had no recollection of the accident, and, on the trial, two and a half years later, he admitted that he had told his father that he did not remember how the accident happened; and his testimony given upon the trial is entitled to little weight, if any. The testimony of the witness Ramirez, who allegedly saw the accident from a church door window, in its context as a whole, is unbelievable as to the speed of the defendants' automobile, the distance the infant was thrown, and other details. On the record, there is insufficient evidence to sustain a finding of negligence on the part of the defendant driver. Furthermore, a new trial would be required in the interests of justice because of the cumulative effect of improper questions by plaintiffs' trial counsel and his unnecessary and prejudicial comments in connection with objections and trial court rulings and, particularly, because of the improper use of the opportunity given at the close of the trial to reopen plaintiffs' case to present the testimony of the witness Christian. There was no justification for the way counsel attacked this final witness who was called by him nor for the manner of his use, during examination of the witness, of a statement signed by him but not received in evidence, or for the reference in summation to such statement. In view of the substantial experience of plaintiffs' trial counsel in the trial of this type of case, we can only construe the tactics resorted to by him as a deliberate attempt to gain an improper advantage in the presentation of plaintiffs' case. He should know that resort to such practices to win a verdict may imperil the very verdict which he seeks. (See *Cherry Creek Nat. Bank* v. *Fidelity & Cas. Co.*, 207 App. Div. 787, 791; *Rubinstein* v. *Pennsylvania R. R. Co.*, 11 A D 2d 640; *Stanley* v. *Surface Tr.*, 20 A D 2d 854; *Paley* v. *Brust*, 21 A D 2d 758.) Concur — Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ.