## (March 27, 1972)

■ FAYE L. SCHEIN, Appellant, v. CHEST SERVICE Co., INC., et al., Respondents.— Order, Supreme Court, New York County entered on March 14, 1971, setting aside a jury verdict in favor of plaintiff in the sum of $15,000 and granting a new trial, unanimously reversed, on the law and the facts, without costs and without disbursements, and the motion denied, on condition that plaintiff, within 20 days after service upon her by defendants of a copy of the order entered hereon, with notice of entry, stipulates to accept $5,000 in lieu of the award of the jury, in which event the verdict as so reduced is reinstated and judgment is directed to be entered upon the verdict as so reduced; and if plaintiff fails to so stipulate within the time aforementioned, the order is affirmed, without costs and without disbursements. In setting aside the verdict for plaintiff, the Trial Justice ruled that the interests of justice required a new trial because of certain prejudicial testimony given by plaintiff, when recalled as a witness in rebuttal, which impugned the morality of a physician, who had examined her on behalf of defendants and, furthermore, that the verdict was excessive. While unquestionably the testimony of plaintiff regarding the doctor was improper and prejudicial, that conclusion does not end the matter. The record demonstrates that defendants clearly waived their objection by not timely moving for a mistrial. Instead, although opportunity was given to defendants' counsel to so move for a mistrial, defendants, for reasons best known to counsel, waited until after the verdict was rendered before making the motion. Counsel may not be permitted to speculate upon whether a verdict will be favorable, before asserting a claim for a mistrial. Such a motion must be made in advance of the verdict. (See Collins v. Ward, 240 App. Div. 985; Hough v. Doersch, 257 App. Div. 842, app. dism. 282 N. Y. 675.) Although we recognize that an experienced Trial Justice is in a favorable position properly to gauge the effect of a prejudicial error upon a jury's determination, and to grant a new trial in the interests of justice, we cannot permit counsel to press a challenged error after proceeding in a manner constituting a waiver of an objection. Nevertheless, the record substantiates the correctness of the ruling of the Trial Justice in finding that the verdict was excessive. Under the circumstances of this case, any verdict in excess of $5,000 cannot stand. Consequently, we extend the option to plaintiff to accept a new trial or agree to a reduction of the verdict to $5,000. Concur — Stevens, P. J., Markewich, Nunez, Murphy and Steuer, JJ.