■ JOHN A. REILLY, as Administrator of the Estate of MARJORIE J. REILLY, Deceased, Appellant, v MYRON WRIGHT et al., Respondents, et al., Defendants.—Judgment, Supreme Court, New York County, entered May

17, 1976, unanimously affirmed, without costs and without disbursements. The judgment appealed from dismissed the complaint following a 5 to 1 jury verdict in favor of the defendants-respondents in this medical malpractice action. Upon rendition of the verdict the plaintiff moved to set it aside and for a new trial solely upon the ground that it was against the weight of the credible evidence. The court reserved decision. On March 15, 1973 the court filed its opinion denying plaintiff's motion. On appeal, plaintiff concedes, and we agree, that "the evidence could have supported a verdict either way." A reversal is sought upon the ground that the misconduct of Walter G. Alton, Jr., trial counsel for defendants, deprived plaintiff of his right to have the issues considered in an atmosphere of calm and reason. More than 10 years after the alleged malpractice, and more than three and a half years after a verdict was rendered, we are asked to invoke our inherent power to act in the "interest of justice" and reverse. (Diaz v Williams, 22 AD2d 873; Kohlmann v City of New York, 8 AD2d 598; Zaulich v Tompkins Sq. Holding Co., 10 AD2d 492, 497; see 4 Weinstein-Korn-Miller, NY Civ Prac, par 4404.08.) While unquestionably Mr. Alton's conduct was grossly improper, we feel that the experienced Trial Justice was in a more favorable position than we are to gauge the effect of Alton's misconduct. However, we concur with the Trial Justice that such misconduct did not prevent the careful consideration of the evidence by the jury and did not influence its verdict. Furthermore, appellant's counsel, in effect, waived his objections to Alton's conduct by not moving for a mistrial until after the jury had returned its verdict in defendants' favor. (See Schein v Chest Serv. Co., 38 AD2d 929, and cases therein cited; Dunne v Lemberg, 54 AD2d 955.) For the aforesaid reasons, and those stated in the well-written opinion of Shainswit, J., dated March 15, 1973, we affirm. Concur—Markewich, J. P., Murphy, Birns, Capozzoli and Nunez, JJ. [73 Misc 2d 801.]