■ MARY MUSSARI, Appellant, v DAVID M. DAVIDSON, Respondent. — Judgment unanimously affirmed, without costs. Memorandum: We find no basis for disturbing the court's exercise of discretion in denying plaintiff's motion for a new trial (see CPLR 4404, subd [a]; *Micallef v Miehle Co., Div. of Miehle-Goss Dexter,* 39 NY2d 376, 381-382; *Reilly v Wright,* 55 AD2d 544, affg 73 Misc 2d 801). We note, as did the trial court, that the very contentions concerning the source and identity of the X rays which plaintiff now asserts as grounds for a new trial, her counsel chose to expand into a major issue in the lawsuit and stressed in *ad hominum* arguments to the jury. Additionally, on this issue of the X rays, plaintiff had the benefit of a favorable jury instruction given at her counsel's request over defendant's objection. Thus, having elected to capitalize on the issue of the conduct of defendant and defense counsel instead of moving for a mistrial or joining in defendant's motions for a mistrial, plaintiff may not now be heard to complain of the conduct as a ground for a new trial (seé *Schein v Chest Serv. Co.,* 38 AD2d 929). Although the court properly sustaineď defendant's objections to the receipt of the copies of the X rays taken at the hospital, we observe, again as did trial court, that plaintiff had the benefit of the receipt in evidence of the report of the radiologist based on her reading of these X rays. Finally, it must be noted that for some time before he chose to move the case for trial, plaintiff's counsel had in his possession the hospital X-ray copies and presumably knew that the film copies bore insufficient identifying information. The issues of podiatric malpractice and lack of informed consent were questions of fact submitted to the jury for determination. We agree with trial court that the jury's findings on these issues were not against the weight of the evidence and, indeed, plaintiff does not argue to the contrary on appeal. We find no ground for reversal in plaintiff's other contentions. (Appeal from judgment of Supreme Court, Niagara County, Kuszynski, J. — medical malpractice.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and Schnepp, JJ.