(June 25, 1992)

■ JAMES MCDONALD, Respondent, v NORTHSIDE SAVINGS BANK, Appellant.—Order and judgment (one paper), Supreme Court, Bronx County (Luis Gonzalez, J.) entered May 8, 1991, which upon a jury verdict in plaintiff's favor against defendant awarded plaintiff $915,000 for pain and suffering and lost wages as reduced to $816,321 pursuant to CPLR article 50-B, unanimously modified, on the law, the facts, and in the exercise of discretion, without costs and disbursements and a new trial ordered solely on the issue of damages, unless plaintiff, within 20 days after service upon his attorney of a copy of the order to be entered herein, with notice of entry, serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict in favor of plaintiff to the principal amount of $450,000 and to entry of an amended judgment in accordance therewith. If plaintiff so stipulates, the judgment, as so amended and reduced, is affirmed, without costs or disbursements.

Plaintiff was a laborer who arrived at defendant's premises to install a new roof. One of defendant's employees suddenly and without warning opened a cellar door through which plaintiff, who was carrying material, fell. As a result of the fall plaintiff sustained trauma to the L4-L5 spinal region, lumbar spinal stenosis and protrusion of a disc.

Defendant bank, through its control, occupancy, special use or ownership of the premises owed a duty of care to warn against dangerous conditions on the property (see, Balsam v Delma Eng'g Corp., 139 AD2d 292, lv dismissed and otherwise denied 73 NY2d 783). While the parties' respective medical experts differed concerning the nature and cause of plaintiff's injury, the matter was best resolved by the jury (Yalkut v City of New York, 162 AD2d 185).

We find the court's charge to have been, on the whole, well-balanced and proper. Defendant's argument concerning the order of plaintiff's witnesses, which resulted in the interruption of plaintiff's direct examination, is mostly unpreserved. However we find no abuse of discretion by the trial court in allowing plaintiff's witnesses to testify in the order in which they did. Defendant's claim concerning the court's failure to itemize the special verdict sheet to provide for separate awards for past and future pain and suffering was waived for appellate review. Although plaintiff brought the matter to the court's attention before the jury rendered its verdict, defense counsel vigorously objected and successfully urged the court

not to make any changes. Under these circumstances, defendant charted its own course and is bound by the consequences. However, the jury's award of $300,000 for past and future pain and suffering and $535,000 for past and future lost earnings deviates materially from what would be reasonable compensation (CPLR 5501 [c]) in the circumstances. Accordingly, we direct a new trial as to damages unless plaintiff stipulates to a reduction of the verdict to the extent indicated.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Milonas, Ellerin, Asch and Rubin, JJ.