■ GARY D. BREITUNG, Respondent, v DAN C. CANZANO, Individually and Doing Business as MIDLAND MOTORS, Appellant. [660 NYS2d 765] —Judgment unanimously reversed in the interest of justice without costs and new trial granted. Memorandum: On November 16, 1985, plaintiff purchased a 1982 car from defendant. In December 1985 plaintiff received a notice from the Department of Motor Vehicles to bring the car to its field office for inspection concerning the authenticity of out-of-State titles. Upon inspection, it was discovered that the Vehicle Identification Number (VIN) on the dashboard and title did not match the VIN numbers on the engine, transmission and frame, and that several stickers, which also contained the VIN, had been removed from the car. It was learned that the manufacturer was responsible for the discrepancy. During the course of the inspection, it was discovered that a prior owner had rolled back the odometer approximately 20,000 miles. Plaintiff's attorney mailed a letter dated March 6, 1986 to defendant revoking plaintiff's acceptance of the car.

The complaint alleged that, because defendant falsely represented the actual mileage and VIN of the vehicle, the contract should be rescinded. Defendant maintained that the manufacturer's error in the VIN did not provide a basis for plaintiff to revoke acceptance because, at the time notice of revocation was given, the error had been rectified. Defendant also maintained that the difference in the odometer rollback was not a "substantial impairment" to the value or performance of that vehicle.

The record establishes that the first mention of a breach of warranty of title in this case is in Supreme Court's proposed

jury instructions and plaintiff's closing argument. In its charge, the court, citing UCC 2-312, instructed the jury that the law to be applied "provides a remedy for individuals who claim that a seller of goods, such as a car,. has breached a warranty of title in connection with the sale". In its instructions, the court erroneously intertwined two different theories, i.e., breach of warranty of title (UCC 2-312) and revocation of acceptance (UCC 2-608), into one cause of action. Those two theories constitute separate causes of action, have independent procedure and notice requirements, and, if successful, result in different remedies (see, UCC 2-312, 2-608, 2-711, 2-714). Neither party objected to the charge. We are mindful that the failure of a party to object to the charge may limit appellate review (see, CPLR 4017). However, when the error is so fundamental that it precludes consideration of the central issue upon which the action is founded, this Court has the power to reverse for "fundamental error" even in the absence of an objection (Rodriguez v Cato, 63 AD2d 922). Because the error in the jury charge was so fundamental that it precluded proper resolution of the central issue in the case, we reverse the judgment and grant a new trial (see, Rivera v Bronx-Lebanon Hosp. Ctr., 70 AD2d 794, 796). (Appeal from Judgment of Supreme Court, Monroe County, Fisher, J.—Damages.) Present—Pine, J. P., Lawton, Callahan, Doerr and Fallon, JJ.