■ TANYA KRAEMER, an Infant, by Her Mother and Natural Guardian, SUSAN M. KRAEMER, et al., Appellants, v LESTER ZIMMERMAN et al., Respondents, et al., Defendants. [672 NYS2d 58] —Order, Supreme Court, Bronx County (Gerald Esposito, J.), entered April 10, 1997, which, to the extent appealed from as limited by plaintiffs' brief, denied plaintiffs' motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of defendants, unanimously affirmed, without costs.

Upon learning from counsel that a dismissed alternate juror

had reported that a juror had looked up medical terms in a dictionary and had discussed those terms with fellow jurors, the court interviewed each of the impanelled jurors individually, without counsel being present, and ascertained that although a juror had looked up a term in the dictionary, there had been no discussion among the jurors of the case. The court, accordingly, concluded that there had been no juror misconduct. Plaintiff declined to move for a mistrial by reason of juror misconduct and, instead, waited until after the verdict in favor of defendants to move pursuant to CPLR 4404 (a) to set aside the verdict, premising her motion, insofar as is relevant here, upon the allegations of the dismissed juror as to what had transpired in the jury room.

Plaintiff's claims of juror misconduct and/or error in the court's method of investigating whether such misconduct had in fact occurred were not appropriately raised on a CPLR 4404 (a) posttrial motion to set aside the verdict; rather, their preservation was contingent upon their assertion in advance of the verdict as grounds for a mistrial (*see, Bonilla v New York City Health & Hosps. Corp.*, 229 AD2d 371). Indeed, trial counsel affirmatively waived the claims plaintiff would now pursue when counsel expressly declined to move for a mistrial on the ground of juror misconduct (*see, Bonilla v New York City Health & Hosps. Corp.*, *supra*). In this connection, we reject plaintiff's present contention that trial counsel did not have access to the information necessary to such a motion, since it appears, to the contrary, that prior to the verdict, the trial court expressly granted counsel access to the record of its investigatory interviews with the jurors. In any event, the allegations of the dismissed alternate juror were never placed on the record or detailed in an affidavit and, according to each of the interviewed jurors, there was no inappropriate discussion of the case. Thus, even if it were found based upon the dismissed alternate's undocumented allegations that some information had been disseminated, the recorded statements of each of the jurors who decided the case would still convincingly establish that that information, whatever it was, had no influence upon the jury (*see, Desmond v Nassau Hosp.*, 157 AD2d 828, *lv denied* 75 NY2d 711).

Respecting plaintiff's additional claim that the trial court improperly discharged a juror, we note to the contrary that the court, which was favorably situated to assess the demeanor and inclinations of the jurors (*see, Reilly v Wright*, 55 AD2d 544), did not err in discharging the juror who repeatedly stated that he had made up his mind about the case prior to summa-

tions and the court's charge. Nor did the trial court err in seating the alternate juror, who was properly found to be impartial. Concur—Lerner, P. J., Wallach, Williams and Saxe, JJ.