■ MARY E. KENNEDY, Individually and as Parent and Natural Guardian of MAGGIE M. KENNEDY, an Infant, Respondent, v CHILDREN'S HOSPITAL OF BUFFALO, Appellant. (Appeal No.1.) [732 NYS2d 926] —Appeal unanimously dismissed without costs (see, CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Erie County, Kane, J.—Discovery.) Present—Pigott, Jr., P. J., Green, Wisner, Kehoe and Burns, JJ.

■ MARY E. KENNEDY, Individually and as Parent and Natural Guardian of MAGGIE M. KENNEDY, an Infant, Appellant, v CHILDREN'S HOSPITAL OF BUFFALO, Respondent. (Appeal No. 3.) [732 NYS2d 326] —Judgment unanimously reversed in the interest of justice without costs, complaint reinstated and new trial

granted. Memorandum: Plaintiff appeals from a judgment dismissing the complaint following a jury verdict of no cause of action. She contends that she was denied a fair trial by the misconduct of defendant's attorney. Although that contention is not preserved for our review (*see, Califano v City of New York*, 212 AD2d 146, 152-153), we conclude that the misconduct of defendant's attorney throughout the trial and particularly during summations deprived plaintiff of a fair trial, and thus we reverse the judgment in the interest of justice, reinstate the complaint and grant a new trial (*see generally, Breitung v Canzano*, 238 AD2d 901). Throughout the course of the trial, defendant's attorney refused to abide by Supreme Court's rulings and continued to object and argue with the court after the rulings were made. He badgered plaintiff's attorney and constantly interrupted witnesses, not allowing them to complete their responses to his questions. He interrupted the summation of plaintiff's attorney more than 30 times to make groundless objections and commented in the presence of the jury that the arguments of plaintiff's attorney were "preposterous" and "absolutely objectionable." The egregious misconduct of defendant's attorney precluded the jury from considering closely contested issues " 'in the calm and untrammeled spirit necessary to effect justice' " (*Schaffer v Kurpis*, 177 AD2d 379, 380, quoting *Kamen Soap Prods. Co. v Prusansky & Prusansky*, 11 AD2d 676) and thus "precluded proper resolution of the central issue[s] in the case" (*Breitung v Canzano, supra,* at 902; *see, Poole v Consolidated Rail Corp.,* 80 NY2d 184, 198, *rearg denied* 81 NY2d 835, *cert denied* 510 US 816, *rearg dismissed* 82 NY2d 921).

Inasmuch as we are granting a new trial, we need not address plaintiff's remaining contentions. We reject the contention of defendant that the court abused its discretion in precluding its use of plaintiff's medical records pursuant to CPLR 3103 (c) on the ground that those records were obtained without authorization. (Appeal from Judgment of Supreme Court, Erie County, Kane, J.—Negligence.) Present—Pigott, Jr., P. J., Green, Wisner, Kehoe and Burns, JJ.