■ SHAMIL DURAN et al., Appellants, v ARDEE ASSOCIATES et al., Respondents. [736 NYS2d 597] —Order, Supreme Court, New York County (Lottie Wilkins, J.), entered July 17, 2000, which, inter alia, denied plaintiffs' motion to set aside the damages portion of the verdict and directed a new trial on the issue of damages, unanimously affirmed, without costs.

Plaintiffs premise their motion to set aside the verdict as to damages upon certain remarks made by defense counsel at trial. However, while these remarks are now claimed to be so prejudicial as to warrant the extreme relief requested, the remarks, when made, did not prompt plaintiffs' counsel, many of whose objections to the comments now complained of were sustained, to move for curative instructions or a mistrial and, as a consequence, plaintiff's appellate arguments respecting these remarks are not preserved for our review (*see, Panzarino v Jeffrey A. Weisberg, M.D., P.C.*, 257 AD2d 483, 484, *appeal dismissed* 93 NY2d 998; *Balsz v A & T Bus Co.*, 252 AD2d 458, 458-459; *Kraemer v Zimmerman*, 249 AD2d 159, 160). While it

is true that a verdict will not be permitted to remain undisturbed where, notwithstanding the absence of a motion for a mistrial, there has been an error so fundamental as to cause a gross injustice (*see, Heller v Louis Provenzano, Inc.*, 257 AD2d 378, 379), that is not the situation herein. Although certain of counsel's comments might have been better left unsaid, the purportedly offensive comments did not "create a climate of hostility that so obscured the issues as to have made the trial unfair" (*Balsz v A & T Bus Co.*, *supra*, at 459). We also find no merit to plaintiffs' contention that defendants' attorney committed such misconduct as to require the imposition of sanctions. Concur—Williams, J.P., Mazzarelli, Rosenberger, Wallach and Lerner, JJ.