(June 1, 2004)

■ Kevin Smith, Appellant-Respondent, v Sophia Au, M.D., et al., Respondents-Appellants, et al., Defendant. [777 NYS2d 298]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered August 25, 2003, which, following a jury trial in this medical malpractice action, granted defendants-respondents-appellants' posttrial motion to set aside the jury's verdict in favor of plaintiff for a total award of $16,315,000, denied defendants' application to dismiss the complaint and ordered a new trial as to both liability and damages, unanimously modified, on the law, the verdict reinstated, and otherwise affirmed, without costs, and the matter remanded for further proceedings.

The trial court erred in setting aside the verdict. Aside from the fact that defendants failed to properly preserve the issue of plaintiff's counsel's conduct at trial (see Duran v Ardee Assoc., 290 AD2d 366 [2002]; Balsz v A & T Bus Co., 252 AD2d 458, 458-459 [1998]) or to show error so fundamental that it caused a gross injustice (see Heller v Provenzano, 257 AD2d 378, 379 [1999]), such behavior and comments were not shown to have substantially influenced or affected the fairness of the trial

1

(*Reilly v Wright,* 55 AD2d 544, 545 [1976]; *see also Panzarino v Jeffrey A. Weisberg, M.D., P.C.,* 257 AD2d 483, 484 [1999], *appeal dismissed* 93 NY2d 998 [1999]; *Price v New York City Hous. Auth.,* 244 AD2d 186 [1997], *affd* 92 NY2d 553 [1998]). The record does not indicate that the conduct created a hostile atmosphere, that it affected the jury's deliberations or verdict, or that the trial court found it necessary to threaten or impose sanctions or to hold counsel in contempt. Two of the incidents cited by the trial court as a basis for setting aside the verdict did not occur within the jury's hearing, and the jury did not find in plaintiff's favor on all issues of liability or damages.

We reject defendants' contention on their cross appeal that we should grant their posttrial motion either to dismiss the complaint, as unsupported by legally sufficient evidence, or, alternatively, to grant the new trial, but on the ground that the verdict was against the weight of the evidence. The posttrial motion to dismiss the complaint pursuant to CPLR 4404 (a) is the equivalent of a challenge to the legal sufficiency of the evidence, since it seeks to set aside the verdict and direct judgment in favor of a party entitled to judgment as a matter of law (*see Vasquez v Figueroa,* 262 AD2d 179, 180 [1999]). The evidence presented at trial, by plaintiff's medical expert, plaintiff's medical records, and from the admissions and contradictory testimony of defendants and their experts, provided ample basis for a rational person to logically reach the same conclusion as the jury (*see Kennedy v New York City Health & Hosps. Corp.,* 300 AD2d 146, 147 [2002], quoting *Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]). Moreover, the verdict was also based upon a fair interpretation of the evidence presented (*see Kennedy,* 300 AD2d at 147), since it was reasonable for the jury to credit the testimony of plaintiff's expert regarding defendants' departure from accepted medical practice in treating plaintiff and to discredit the testimony of defendants and their witnesses, in light of the aforementioned admissions and contradictions. In remanding the matter for further proceedings, we note the unresolved claim of the excessiveness of the damage awards, an issue never reached on defendants' posttrial motion. Concur—Buckley, P.J., Tom, Sullivan and Williams, JJ.