JILL E. REED et al., Appellants, v CYNTHIA FRASER, M.D., et al., Respondents. (Appeal No. 2.) [860 NYS2d 374]—

Appeal from a judgment of the Supreme Court, Wayne County (Thomas M. Van Strydonck, J.), entered April 5, 2007 in a medical malpractice action. The judgment, upon a jury verdict, awarded judgment in favor of defendants and against plaintiffs.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this medical malpractice action seeking damages for injuries sustained by Jill E. Reed (plaintiff) when defendant Cynthia Fraser, M.D. removed plaintiff's left ovary and left fallopian tube during a surgical procedure. During the trial, Supreme Court allowed defendants to present the testimony of a pathologist who examined the ovary and fallopian tube before trial and discovered evidence of endometriosis. Plaintiffs objected to that testimony on the ground that such findings were not noted in the pathology report. Also during the trial, the court jokingly commented on the difference between the substantial fee paid to plaintiffs' expert witness and the nominal fee paid to one of defendants' witnesses, who had been subpoenaed to testify. When plaintiffs objected to that comment, the court agreed that the comment was improper and issued a curative instruction to the jury. There was no further objection.

Shortly before the trial ended, the trial justice became ill and the justice who replaced him offered the parties the opportunity to move for a mistrial. The parties declined that offer, and the jury thereafter returned a verdict in favor of defendants. Plaintiffs contend on appeal that their post-trial motion to set aside the verdict in part and for a new trial should have been granted, based on the pathologist's testimony concerning

endometriosis and the court's improper comment. We reject that contention inasmuch as the record demonstrates that plaintiffs waived their objections to the pathologist's testimony and the court's improper comment by failing to move for a mistrial when the opportunity was offered. Plaintiffs' counsel chose instead to wait until after the verdict was rendered to seek relief. "[W]e cannot permit counsel to press a challenged error after proceeding in a manner constituting a waiver of an objection" (*Schein v Chest Serv. Co.*, 38 AD2d 929 [1972]; *see Virgo v Bonavilla*, 49 NY2d 982, 983-984 [1980]; *Kraemer v Zimmerman*, 249 AD2d 159, 160 [1998]; *Bonilla v New York City Health & Hosps. Corp.*, 229 AD2d 371 [1996]).

In any event, we have reviewed both of plaintiffs' objections and conclude that they are without merit. Present—Hurlbutt, J.P., Martoche, Smith, Green and Pine, JJ.