■ KATHLEEN GALLAGHER et al., Appellants, v JAMES CORASANTI, M.D., Respondent, et al., Defendant. [879 NYS2d 763]—Appeal from a judgment of the Supreme Court, Erie County (John P. Lane, J.), entered March 28, 2008 in a medical malpractice action. The judgment, among other things, dismissed the complaint upon a jury verdict.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this medical malpractice action seeking damages for injuries sustained by Kathleen Gallagher (plaintiff) when her spleen was damaged during a colonoscopy performed by James Corasanti, M.D. (defendant). Following a trial, the jury returned a verdict in favor of defendant. Contrary to the contention of plaintiffs, the Judicial Hearing Officer (JHO) properly denied that part of their post-trial motion to set aside the verdict as against the weight of the evidence and for a new trial. " '[T]he preponderance of the evidence in favor of plaintiff[s] is not so great that the verdict could not have been reached upon any fair interpretation of the evidence, nor is the verdict . . . palpably wrong or irrational' " (*Kubala v Suddaby*, 32 AD3d 1227 [2006]; *see Mussari v Davidson*, 93 AD2d 996 [1983]). The JHO also properly denied that

part of plaintiffs' motion for a directed verdict on the cause of action for lack of informed consent inasmuch as plaintiffs failed to establish that there is no rational process by which the jury could have found in favor of defendant (*see Dooley v Skodnek*, 138 AD2d 102, 104 [1988]). Plaintiffs' contention that the JHO erred in charging the jury with respect to evidence of habit is not preserved for our review (*see Klotz v Warick*, 53 AD3d 976, 978-979 [2008], *lv denied* 11 NY3d 712 [2008]) and, in any event, we conclude that any error in giving that charge is harmless (*see Thomas v Samuels*, 60 AD3d 1187 [2009]). Present—Scudder, P.J., Hurlbutt, Peradotto, Green and Gorski, JJ.