■ LINDA BOYD, Respondent, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY et al., Appellants. [912 NYS2d 196]—

Order, Supreme Court, Bronx County (John A. Barone, J.), entered November 30, 2009, which granted plaintiff's motion to set aside a jury verdict in defendant's favor, unanimously reversed, on the law and the facts, without costs, and the verdict reinstated. The Clerk is directed to enter judgment dismissing the complaint.

Plaintiff brought this action to recover for injuries she sustained due to an allegedly defective metal strap she grabbed to steady herself when defendant's bus began to move. Plaintiff was heading toward the back of the bus, where there was open standing room, when the bus pulled away from the stop and lurched forward. Plaintiff grabbed the metal strap above her, and in so doing, twisted her shoulder when the strap slid out of place and down the pole. Plaintiff alleged that defendant was negligent in its maintenance and pretrip inspection of the interior of the bus. Defendant argued that it did not have actual or constructive notice of the broken metal strap that led to

plaintiff's injury, and thus was not negligent. The jury found that defendant was not negligent in its pretrip inspection of the interior of the bus or in failing to use reasonable care in maintaining the equipment. Plaintiff moved to set aside this verdict on the ground that disruptive comments by defense counsel prevented the jury from rendering a fair verdict.

The trial court erred in setting aside the verdict. Although plaintiff claims that the remarks by defense counsel were so prejudicial as to warrant the setting aside of a jury verdict, the remarks, when made, did not prompt plaintiff's counsel to move for a mistrial. Indeed, plaintiff never sought this relief before the jury verdict was rendered, and specifically informed the court that she did not want a mistrial. Consequently, her argument respecting these remarks is not preserved for our review (*see Duran v Ardee Assoc.*, 290 AD2d 366 [2002]). Nor has plaintiff shown an error so fundamental as to constitute a gross injustice such that we should address this unpreserved claim (*see Whelehan v County of Monroe*, 35 AD2d 774 [1970]; *cf. Heller v Louis Provenzano, Inc.*, 257 AD2d 378 [1999]).

The comment that plaintiff contends is the most egregious occurred when her counsel made a passing comment during defense counsel's cross-examination of a witness, which prompted defense counsel to ask the court to instruct plaintiff's counsel to "shut her mouth." The court immediately admonished both attorneys. The court specifically told defense counsel that he should refrain from using such inappropriate language. Although defense counsel's use of the words "shut her mouth" was improper and would have been better left unsaid, it did not create a climate of hostility that so obscured the issues as to have rendered the trial unfair (*Duran*, 290 AD2d at 367). Counsel for both parties were intemperate and often impatient with each other and the court throughout this proceeding.

Plaintiff also contends that defense counsel's objections during summation were numerous and groundless. Defense counsel frequently objected, arguing that plaintiff's counsel was misstating the record, and the court sustained some of these objections. For others, the court overruled the objections and issued curative instructions, stating that it was the jury's recollection of the evidence that controlled. Furthermore, the court instructed the jury that summation remarks by both attorneys were not evidence and that the jury was to reach a verdict based only on the evidence presented at trial. Also noteworthy is that plaintiff's counsel objected nearly as many times as defense counsel, and on similar grounds, during defendant's summation.

Plaintiff fails to show that defense counsel's improper remarks affected the outcome of the trial. Plaintiff was able to put forth her case and call witnesses, in addition to testifying about how the metal strap moved when she grabbed it. Furthermore, the bus driver, who was plaintiff's witness, testified over the course of two days about his regular practice of visually inspecting the interior of the bus and noting any defects or safety hazards. The record shows that he made no notation of any defects or hazards on the day of plaintiff's injury. Even though the bus driver testified that he did not have any specific recollection of his pretrip inspection of the bus that day, the jury could have found defendant not negligent based on the testimony of the deputy general manager for the bus company's maintenance and administration department. He testified that the maintenance and repair records for this particular bus, for the period prior to plaintiff's accident, did not indicate that any metal strap was defective or had been recently repaired. In light of this testimony, which the jury reasonably could have found credible, there was no danger that the jury was so distracted and influenced by the exchanges between counsel that it reached a verdict unsupported by the evidence.

We have considered plaintiff's remaining contentions and find them without merit. Concur—Saxe, J.P., Acosta, Freedman, Richter and Abdus-Salaam, JJ.