11-5119-cv
Universe Antiques, Inc. v. Vareika

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand thirteen.

Present:
　　　　CHESTER J. STRAUB,
　　　　PETER W. HALL,
　　　　CHRISTOPHER F. DRONEY,

　　　　　　　*Circuit Judges.*
_____

Universe Antiques, Inc.,

　　　　　　*Plaintiff – Counter-Defendant – Third-Party-Plaintiff – Appellant*,

　　　v.　　　　　　　　　　　　　　　　　No. 11-5119-cv

William Vareika, William Vareika Fine Arts, Ltd.,

　　　　　　*Defendants – Counter-Claimants – Third-Party-Plaintiffs – Third-Party-Defendants – Appellees*,

Jack Shaoul,

　　　　　　*Third-Party-Defendant – Third-Party-Plaintiff – Appellant*.

_____

1

FOR APPELLANTS:        STEPHEN A. WEINGRAD, Weingrad & Weingrad PC, New York, N.Y.

FOR APPELLEES:         JOSEPH E. CZERNIAWSKI, Wormser, Kiely, Galef & Jacobs LLP, New York, N.Y.

_____

Appeal from a judgment of the United States District Court for the Southern District of New York (Marrero, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Appellants Universe Antiques, Inc., and president-shareholder Jack Shaoul (collectively "Appellants") appeal from a November 10, 2011, decision of the district court, following a bench trial, concluding that William Vareika and William Vareika Fine Arts, Ltd. (collectively "Vareika") were liable to Appellants for breach of contract in the sale of a painting and concluding that Appellants were liable to Vareika for fraud in the inducement in the sale of a stained glass window, purported to be a Tiffany. *Universe Antiques, Inc. v. Vareika*, 826 F. Supp. 2d 595, 596 (S.D.N.Y. 2011). Neither party appeals the district court's decision regarding the claim for breach of contract. Appellants challenge only one aspect of the district court's decision regarding the claim for fraud—the district court's conclusion that Vareika had proven the element of reasonable reliance. On appeal, we assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues, and we discuss these only as necessary to explain our decision.

Appellants primarily contend that the district court erroneously found that Vareika was not "the kind of sophisticated business entity for which th[e sophisticated business person] rule was developed." *Universe Antiques*, 826 F. Supp. 2d at 609. "Where sophisticated businessmen engaged in major transactions enjoy access to critical information but fail to take advantage of

2

that access, New York courts are particularly disinclined to entertain claims of justifiable reliance." *Grumman Allied Indus., Inc. v. Rohr Indus., Inc.*, 748 F.2d 729, 737 (2d Cir. 1984). However broad this rule may be, the fact that one party is sophisticated does not end the "fact-intensive" "question of what constitutes reasonable reliance," *Schlaifer Nance & Co. v. Estate of Warhol*, 119 F.3d 91, 98 (2d Cir. 1997), because "'we consider the entire context of the transaction, including factors such as its complexity and magnitude, the sophistication of the parties, and the content of any agreements between them,'" *Crigger v. Fahnestock & Co.*, 443 F.3d 230, 235 (2d Cir. 2006) (quoting *Emergent Capital Inv. Mgmt., LLC v. Stonepath Grp., Inc.*, 343 F.3d 189, 195 (2d Cir. 2003)); *see also Universe Antiques*, 826 F. Supp. 2d at 609 (identifying the "inquiry" as "fact-specific").

Looking to the "entire context of the transaction," as the district court did, we affirm the district court's conclusion that Vareika reasonably relied on Shaoul's repeated representations that the stained glass window was a Tiffany. The District Court found that Shaoul unqualifiedly provided excerpts from the 1978 Christie's catalogue as proof of the window's provenance and attribution to Tiffany studios, despite Shaoul's knowledge that the window was not a Tiffany. *Universe Antiques*, 826 F. Supp. 2d at 607-08. Appellants do not dispute this finding. The District Court further found that Vareika acted reasonably in relying upon this misrepresentation because the Christie's catalogue was the "gold standard" in the industry and because it was "not customary for ordinary buyers to perform independent research on provenance and authenticity." *Id.* at 609. We cannot conclude that the District Court's factual findings were clearly erroneous, nor do we agree with Appellants that, as a matter of law, Vareika's reliance was unreasonable.

We have considered all of Appellant's remaining arguments and find them to be without merit. The judgment of the district court is AFFIRMED.

## Parties' Motions

We note that the following motions already have been granted during oral argument or are hereby GRANTED: Vareika's (Appellee's) motion to file a brief that exceeds the page limits for Vareika's motion for sanctions against Appellants, Docket No. 161; Appellants' motion to extend the time to file a response to Vareika's motion for sanctions, Docket No. 166; Appellants' motion seeking in substance to amend their reply brief such that certain citations in that brief conform with the record, Docket No. 174; and Vareika's motion to file a brief that exceeds the page limits for Vareika's reply in connection with Vareika's motion for sanctions, Docket No. 186.

Any other motion of record that has sought permission to file a brief or memorandum in excess of the limits allowed by the Court's rules that has not been addressed is hereby GRANTED *nunc pro tunc*.

We have fully considered Vareika's motion for sanctions, Docket No. 162, and that motion is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk