Bermingham v Atlantic Concrete Cutting (2018 NY Slip Op 02246)





Bermingham v Atlantic Concrete Cutting


2018 NY Slip Op 02246


Decided on March 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 29, 2018

Friedman, J.P., Tom, Kapnick, Singh, JJ.


102409/11 6125

[*1] John Bermingham, Plaintiff-Appellant,
v
Atlantic Concrete Cutting, et al., Defendants-Respondents, National September 11 Memorial and Museum of the World Trade Center Foundation, Inc., Defendant.


Pollack, Pollack, Isaac & DeCicco, New York (Brian J. Isaac of counsel), for appellant.
Segal McCambridge Singer & Mahoney, Ltd., New York (Simone Lee of counsel), for respondents.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered January 17, 2017, which granted defendants Atlantic Concrete Cutting, Bovis Lend Lease LMB, Inc., and Port Authority of New York and New Jersey's motion to set aside the jury verdict awarding plaintiff $100,000 for past pain and suffering, $200,000 for future pain and suffering, $225,000 for past lost earnings, and $1,300,000 for future lost earnings, and directed a new trial on liability and damages unless the parties stipulated to reduce the awards to $50,000 for past pain and suffering, $100,000 for future pain and suffering, and $595,000 for past and future lost earnings, unanimously modified, on the law and the facts, to deny the motion insofar as addressed to the verdict as to liability, the liability verdict reinstated, and to direct that there be a new trial solely on the issue of damages unless the parties stipulate, within 30 days of the date hereof, to accept awards of $100,000 for past pain and suffering, $100,000 for future pain and suffering, and $700,000 for past and future lost earnings, and otherwise affirmed, without costs.
Because defendants did not request a mistrial before the jury rendered its verdict, their post-verdict CPLR 4404(a) motion for an order setting aside the verdict and ordering a new trial, on the ground that the cumulative misconduct of plaintiff's counsel likely affected the verdict, should have been denied (see Virgo v Bonavilla, 49 NY2d 982, 984 [1980]; Bertram v Columbia Presbyt./N.Y. Presbyt. Hosp., 126 AD3d 473 [1st Dept 2015], lv denied 26 NY3d 905 [2015]; Selzer v New York City Tr. Auth., 100 AD3d 157, 162 [1st Dept 2012]; Boyd v Manhattan & Bronx Surface Tr. Operating Auth., 79 AD3d 412, 413 [1st Dept 2010]). While we do not condone the misconduct revealed by the present record, this is not the rare case in which the misconduct of counsel for the prevailing party was so wrongful and pervasive as to constitute a fundamental error and a gross injustice warranting the exercise of the trial court's discretionary power under CPLR 4404(a) to set aside a verdict in the interest of justice, in spite of the aggrieved party's failure to make a timely mistrial motion (see Boyd, 79 AD3d at 413; cf. Smith v Rudolph, 151 AD3d 58 [1st Dept 2017]; Heller v Louis Provenzano, Inc., 257 AD2d 378, 379 [1st Dept 1999]).
With respect to damages, we modify to direct that there be a new trial solely on the issue of damages unless the parties stipulate to the awards, as indicated, since the noted awards deviated materially from what would be reasonable compensation (see CPLR 5501[c]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 29, 2018
DEPUTY CLERK