High Value Trading, LLC v Shaoul (2019 NY Slip Op 00694)





High Value Trading, LLC v Shaoul


2019 NY Slip Op 00694


Decided on January 31, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2019

Renwick, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


651788/11 8296 8295

[*1]High Value Trading, LLC, et al., Plaintiffs-Respondents,
v
Jack Shaoul, et al., Defendants-Appellants.


Malcolm S. Taub LLP, New York (Malcolm S. Taub of counsel), for appellants.
Budd Larner P.C., New York (Philip C. Chronakis of counsel), for respondents.



Judgment, Supreme Court, New York County (Margaret A. Chan, J.), entered February 9, 2018, after a jury trial, against defendants in favor of plaintiff Alskom Realty, LLC, unanimously affirmed, with costs.
Plaintiff Alskom purchased from defendants a painting that defendant Jack Shaoul represented was a genuine Renoir but was later found to be a fake.
The trial court providently exercised its discretion in granting plaintiffs' motion in limine for leave to present evidence of Shaoul's conviction for conspiracy and mail fraud (see United States v Shaoul, 41 F3d 811 [2d Cir 1994]) and the judgment in a civil case in which Shaoul and defendant Universe Antiques, Inc. were found to have sold a fake Tiffany window (see Universe Antiques, Inc. v Vareika, 510 Fed Appx 74 [2d Cir 2013]), although the prior conviction was old (see People v Sandoval, 34 NY2d 371, 377 [1974]).
Defendants contend that plaintiffs exceeded the bounds of the in limine ruling by referring to Shaoul's prior conviction and prior art fraud case before he testified. To the extent this argument is based on plaintiffs' questioning of nonparty Alexander Komolov (their principal), it is unpreserved, and we decline to reach it in the interest of justice (see Boyd v Manhattan & Bronx Surface Tr. Operating Auth., 79 AD3d 412, 413 [1st Dept 2010]). To the extent defendants' argument is based on plaintiffs' counsel's opening statement, it is unavailing. Although plaintiffs sought to use Shaoul's prior legal history if he testified, defense counsel confirmed before plaintiffs' opening that Shaoul would testify. Moreover, evidence of other similar acts can be introduced to establish intent in fraud cases (Matter of Brandon, 55 NY2d 206, 211 [1982]; see also People v Schwartzman, 24 NY2d 241, 246-248 [1969], cert denied 396 US 846 [1969]; compare People v Allen,198 AD2d 789, 789 [4th Dept 1993], affd 84 NY2d 982 [1994]).
Defendants contend that the judgment in Alskom's favor should be reversed because, during his cross-examination of Shaoul, plaintiffs' counsel read from court transcripts that were not in evidence and displayed them to the jury. However, United States v Shaoul (41 F3d 811) is a matter of public record (see CPLR 4513). While extrinsic evidence may not be used "to contradict a witness's answers on collateral matters" (Badr v Hogan, 75 NY2d 629, 631 [1990]), Shaoul's prior conviction and prior art fraud case were not collateral, because they were relevant to his intent in this action (see Schwartzman, 24 NY2d at 246).
Defendants' argument as to the extent of plaintiffs' cross-examination of Shaoul is unavailing (see e.g. id. at 244 ["questions are not rendered improper merely because of their number provided they have some basis in fact and are asked in good faith"]).
Defendants' arguments about plaintiffs' summation and their argument that the court erred in allowing Komolov to testify about what he understood a document to be are unpreserved, and we decline to reach them in the interest of justice.
The verdict was not against the weight of the evidence (see Gonzalez v City of New York, [*2]45 AD3d 347 [1st Dept 2007], lv denied 10 NY3d 701 [2008]). As both plaintiffs' and defendants' key documents were suspect (the March 2010 invoice for plaintiffs and the September 2008 consignment agreement for defendants), the case turned on witness credibility, which, along with the weight to be given witnesses' testimony, is an issue for the jury (see Mazella v Beals, 27 NY3d 694, 708 [2016] [internal quotation marks omitted]; see also e.g. Lipson v Bradford Dyeing Assn. of U.S.A., 266 App Div 595, 598 [1st Dept 1943]).
Contrary to plaintiffs' claim, defendants preserved their argument that the court should have given a sophisticated dealer charge, i.e., that, because its principal was an art dealer, Alskom could not prove justifiable reliance but had the obligation to conduct due diligence before buying the painting in question. However, although Alskom and Komolov are art dealers, "the fact that one party is sophisticated does not end the fact-intensive question of what constitutes reasonable reliance, because [courts] consider the entire context of the transaction" (Universe Antiques, 510 Fed Appx at 76 [citation and internal quotation marks omitted]). The jury had before it evidence that, at the time of the subject transaction, Komolov trusted Shaoul as a member of his own family and that, according to Shaoul himself, he and Komolov had done approximately 30 to 40 deals, before the subject transaction. Furthermore, although the court did not give the charge that they wanted, defendants were able to make their point in other ways.
Regardless of whether the court should have limited defendants' ability to refer to the summons with notice, or the jury's right to review it during deliberations, it was harmless error because the document was referred to during the trial and published to the jury at that time.
As defendants never moved to dismiss the unjust enrichment claim as duplicative of the fraud claim, their argument that the court erred in submitting unjust enrichment to the jury is unpreserved and does not warrant interest-of-justice review. As to the specific wording of the charge, unlike defendants' proposed charge, the court's charge correctly stated the elements of unjust enrichment (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 31, 2019
DEPUTY CLERK