DePalma v Western N.Y. Urology Assoc. (2025 NY Slip Op 07146)

DePalma v Western N.Y. Urology Assoc.

2025 NY Slip Op 07146

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, OGDEN, AND DELCONTE, JJ.

831 CA 24-01438

[*1]VINCENTO DEPALMA AND JEANNINE DEPALMA, PLAINTIFFS-APPELLANTS,
v
WESTERN NEW YORK UROLOGY ASSOCIATES AND BRIAN D. RAMBARRAN, M.D., DEFENDANTS-RESPONDENTS.

VANDETTE LAW PLLC, BUFFALO (JAMES M. VANDETTE OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
ROACH, BROWN, MCCARTHY & GRUBER, P.C., BUFFALO (J. MARK GRUBER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from a judgment of the Supreme Court, Erie County (Kelly A. Vacco, J.), entered February 16, 2024. The judgment dismissed plaintiffs' complaint upon a jury verdict in favor of defendants. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: In this medical malpractice action, plaintiffs appeal from a judgment dismissing the complaint upon a jury verdict rendered in favor of defendants. We affirm.
We reject plaintiffs' contention that the verdict is against the weight of the evidence (see generally McClain v Lockport Mem. Hosp., 236 AD2d 864, 865 [4th Dept 1997], lv denied 89 NY2d 817 [1997]). Conflicting expert testimony presents a credibility issue and resolving "that conflict is a matter peculiarly within the province of the jury" (Regelski v Weber, 209 AD2d 965, 965 [4th Dept 1994] [internal quotation marks omitted]). It cannot be said that the evidence so preponderated in favor of plaintiffs that the verdict could not be reached upon any fair interpretation of the evidence (see Peevey v Unity Health Sys., 196 AD3d 1139, 1141 [4th Dept 2021]; Root v DiRaddo, 302 AD2d 987, 988 [4th Dept 2003], lv denied 100 NY2d 504 [2003]). Contrary to plaintiffs' further contention, Supreme Court did not abuse its discretion in refusing to admit in evidence a photograph offered by plaintiffs (see Graney v Ryan, 19 AD3d 1172, 1172-1173 [4th Dept 2005]). Additionally, plaintiffs failed to preserve their contention with respect to the jury's receipt and use of revised verdict sheets (see Schmidt v Buffalo Gen. Hosp., 278 AD2d 827, 828 [4th Dept 2000], lv denied 96 NY2d 710 [2001]). We also reject plaintiffs' contention that the jury's receipt and use of revised verdict sheets is a fundamental error that warrants reversal despite the alleged lack of preservation (see id.; see generally Breitung v Canzano, 238 AD2d 901, 902 [4th Dept 1997]). Nothing in this record indicates that the jury was confused or prevented from fairly considering the issues (see Aguilar v New York City Tr. Auth., 81 AD3d 509, 510 [1st Dept 2011]; Klein-Bullock v North Shore Univ. Hosp. at Forest Hills, 63 AD3d 536, 537 [1st Dept 2009]; cf. Breitung, 238 AD2d at 902).
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court